UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL P. FEINBERG,

                Plaintiff,                        CIVIL ACTION NO. 10-13974

        v.                            DISTRICT JUDGE MARK A. GOLDSMITH

S. CAMPBELL, PHYLLIS LOVETT,      MAGISTRATE JUDGE MARK A. RANDON
ANNIE RAY, MARGARET WARNER[1]
and ISMAEL AHMED,

                Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 9)**

**INTRODUCTION**

      This is a constitutional civil rights case.  Plaintiff, Daniel Feinberg, challenges the actions

taken by several individuals regarding his adopted minor daughter, T.H.  The defendants are:

Phyllis Lovett (T.H.'s maternal grandmother), Shawnell Campbell (a Children's Protective

Services ("CPS") Worker with the Michigan Department of Human Services ("MDHS")), Annie

Ray (a District Manager with the Wayne County Department of Human Services ("WCDHS")),

Margaret Warner[1] (a Director with WCDHS) and Ismael Ahmed (the Director of the MDHS)

(collectively "Defendants").  Plaintiff alleges that Defendants removed and/or conspired to

_____

[1] To date, Warner has not been served.  A recommendation as to this defendant is
discussed below.

remove T.H. from Plaintiff's home so that she could live with Lovett.  The matter is before the

Court on the motion for summary judgment of Campbell, Ahmed and Ray (Dkt. 9).

      Other than file his Complaint, Plaintiff has failed to take any steps to prosecute this

action.[2]  On November 11, 2010, Lovett filed a motion to dismiss.  Plaintiff did not file a

response to the motion, and Judge Mark A. Goldsmith dismissed Plaintiff's federal claims

against Lovett, retaining jurisdiction over Plaintiff's state claims because the motion pertained

only to Lovett (Dkt. 10).  Judge Goldsmith then referred the instant motion to the undersigned for

a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 11).  Again, Plaintiff

has not responded to the instant motion.  Nor did he attend the motion hearing on September 1,

2011.  Notwithstanding this lack of opposition, for the reasons indicated below, **IT IS

RECOMMENDED** that Defendants Campbell, Ahmed and Ray's motion for summary

judgment (Dkt. No. 9) be **GRANTED**.  **IT IS FURTHER RECOMMENDED** that Plaintiff's

federal claims be **DISMISSED** against all of the remaining defendants **WITH PREJUDICE**,

and that the Court now decline to exercise supplemental jurisdiction over Plaintiff's state law

claims, **DISMISSING** them **WITHOUT PREJUDICE**.

### FACTS

      Plaintiff's Complaint relates to alleged action taken by Lovett and Campbell with regard

to Plaintiff's adoptive teenage daughter, T.H.  T.H. is the biological daughter of Plaintiff's

brother-in-law, and was adopted by Plaintiff in 1997 (Dkt. 1, ¶ 10).  Plaintiff alleges that on May

24, 2010, he dropped T.H. off at Lovett's home, but that T.H. later refused to return home.

---

[2] Plaintiff is represented by counsel.  Defense counsel advised the undersigned, during the motion hearing, that Plaintiff has not conducted any discovery.

Plaintiff claims that Lovett then filed a Petition for Appointment of a Guardian of Minor asking to be appointed T.H.'s guardian (Dkt. 1, ¶¶ 14-17). A hearing was held on Lovett's Petition on July 6, 2010, and the Petition was denied (Dkt. 1, ¶ 18). Plaintiff also alleges that, at some point, T.H. made a complaint to CPS regarding Plaintiff and his wife, and that Campbell conducted an investigation into Plaintiff's allegations (Dkt. 1, ¶¶ 15, 19). After an investigation, Campbell determined that T.H.'s allegations against Plaintiff and his wife were unsubstantiated (Dkt. 1, ¶ 1). Plaintiff alleges that Campbell nevertheless recommended that Plaintiff obtain counseling for T.H., which Plaintiff refused to do (Dkt. 1, ¶ 20).

According to Plaintiff, on September 2, 2010, Campbell "advised [T.H.] that if she wanted to live with Lovett, she would have to run away from home" (Dkt. 1, ¶ 23). Plaintiff claims that T.H. ran away from home to stay with Lovett on September 3, 2010 (Dkt. 1, ¶ 24). Finally, Plaintiff alleges that Campbell advised Lovett to file "a perjurious petition" for guardianship of T.H., and that on September 9, 2010, Lovett did file a second Petition for Appointment of a Guardian of a Minor (Dkt. 1, ¶¶ 21, 26).

In an affidavit attached to the instant motion, Campbell denies that she ever advised T.H. to run away from home or told Lovett to file a perjurious petition for guardianship (Dkt. 9, Ex. 1, ¶¶ 5, 8). Furthermore, Campbell avers that the only official action she took with regard to Plaintiff was to conduct an investigation regarding T.H.'s allegations, which Campbell found to be unsubstantiated. *Id.* at ¶ 4. Plaintiff has not filed a response to the instant motion in general or to Campbell's specific averments.

As it relates to Ray and Ahmed, Plaintiff alleges that they "authorized, tolerated, ratified, permitted or acquiesced in the creation of policies and practices which permitted Children's

Protective Services workers to disregard the constitutionally protected rights of parents, thereby establishing a de facto policy of deliberate indifference to individuals such as Plaintiff" (Dkt. 1, ¶¶ 34, 41).  Plaintiff also alleges that Ray and Ahmed had "actual knowledge" of the "ongoing [42 U.S.C. § 1985] conspiracy" to deprive Plaintiff of his fundamental parenting rights, yet failed to prevent the conspiracy from continuing (Dkt. 1,¶¶ 46, 47).

Generally, Plaintiff claims various federal constitutional violations, including violation of Plaintiff's right to equal protection of the laws or equal privileges and immunities under the Fourteenth Amendment, conspiracy to violate Plaintiff's right to equal protection or equal privileges and immunities under the Fourteenth Amendment, and negligently or intentionally refusing to prevent the violation of Plaintiff's right to equal protection or equal privileges and immunities under the Fourteenth Amendment.  Plaintiff also claims several violations of state law, including abuse of process, civil conspiracy, and concert of action.  In addition, Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 1983, requiring Defendants to return his adopted minor daughter to his care, custody, and control.[3]

## ANALYSIS

### A.  Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006).  For a

---

[3]  At the motion hearing, counsel for the moving parties advised the Court that T.H. had been returned to Plaintiff's custody.  This may explain why Plaintiff decided to abandoned his claims.

fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party can make such a showing, then the burden shifts to the nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary. *Id.* at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. *Id.* at 251-52.

**B. The Defendants' Motion is Unopposed**

United States District Court for the Eastern District of Michigan Local Rule 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." Defendants filed the instant motion on March 1, 2011. As such,

Plaintiff's response was due within 21 days, or by March 26, 2011. E.D. Mich. LR 7.1(d).  To date, Plaintiff has failed to respond to the motion and chose not to appear for the motion hearing. Therefore, Defendants' motion may be deemed unopposed.  *Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328, 2008 WL 2080512 (6th Cir., May 15, 2008).  Notwithstanding this lack of opposition, Defendants' motion is still well-taken in light of the analysis set forth below.

**C.  There are no Issues of Material Fact Regarding the Conduct of Campbell**

Plaintiff has failed to demonstrate the existence of a genuine issue of fact, necessitating a trial, as it relates to the conduct of Campbell.  Campbell has provided an affidavit denying each of the substantive allegations made against her in Plaintiff's Complaint.  Plaintiff has not contested these denials.  Therefore, all of Plaintiff's allegations against Campbell should be dismissed.  In addition, since Plaintiff's claims against Defendants Ahmed and Ray arise directly from the purportedly unconstitutional conduct of Campbell, Plaintiff has, likewise, failed to demonstrate a genuine issue of fact as to either Ahmed or Ray.

**D.  Plaintiff has also failed to state a claim against Defendants Ahmed and Ray**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional rights allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).  A plaintiff must also demonstrate the personal involvement of each defendant in the activity that forms the basis of the

- 6 -

complaint.  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).  The acts of one's subordinates are

not enough, nor can supervisory liability be based upon the mere failure to act.  *Weaver v.*

*Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989).  To be liable, the supervisor must have

directly participated in the alleged *wrongful*  conduct:

> [A] supervisory official's failure to, control, or train the offending
> individual is not actionable, unless the supervisor "either
> encouraged the specific incident of misconduct or in some other
> way directly participated in it."

*Poe v. Haydon,* 853 F.2d 418*,* 429 (6th Cir. 1988), *cert. den*., 488 U.S. 1007 (1989).

Plaintiff alleges that Ahmed and Ray authorized, permitted or acquiesced in the creation

unspecified policies and practices, which, apparently, permitted Campbell to take the actions that

she did concerning T.H.  However, this allegation is insufficient to state a claim for two reasons.

First, Plaintiff has failed to allege how either Ahmed or Ray personally participated in the

deprivation of his constitutional rights.  Second, a *Monell* policy and practice claim cannot lie

against an individual.  Rather, it is when the acts of individual employees represent the

government's custom or policy, the *municipality* can be held liable.  *See Johnson v. City of*

*Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996) ("The requirement of an official policy

distinguishes the acts of the employee from those of the municipality, ensuring that the

municipality is held responsible only for the latter.").

Moreover, as to Plaintiff's claims for conspiracy under 42 U.S.C § 1985, the Court, citing

*Griffin v. Breckenridge*, 403 U.S. 88 (1971), has already ruled that the Complaint does not allege

the required element of race- or class-based discrimination, and that a cause of action under 42

- 7 -

U.S.C § 1986 cannot be maintained without a showing of a § 1985 conspiracy.  Plaintiff's claims should also be dismissed for this reason.

**E.  The Court Should Now Decline Supplemental Jurisdiction**

To the extent that Plaintiff's Complaint presents claims under state law, this Court should now decline to exercise jurisdiction over Plaintiff's remaining state law claims.  "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits."  *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Therefore, it is recommended that any remaining state law claims be dismissed, without prejudice to them being re-filed in a state court of appropriate jurisdiction.

**F.  Defendant Warner should be Dismissed**

Under Fed. R. Civ. P. 4(m), a defendant must be served within 120 days of filing the complaint.  Here, Plaintiff has failed to serve Warner and this case has been pending for well over 120 days (since October of 2010); thus, dismissal of Plaintiff's claims against Warner, without prejudice, is appropriate.  *Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, *1 (E.D. Mich. July 29, 2005), citing *Awdish v. Pappas*, 159 F.Supp.2d 672, 673, n. 1 (E.D. Mich. 2001), and *Johnson v. City of Ecorse*, 137 F.Supp.2d 886, 892 (E.D. Mich. 2001).  This Report and Recommendation will serve as notice to Plaintiff under Rule 4(m).

**CONCLUSION**

For the reasons set forth above **IT IS RECOMMENDED** that defendants Shawn Campbell, Ismael Ahmed and Annie Ray's motion for summary judgment be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** against all of the remaining defendants **WITH PREJUDICE**, and that the Court now decline to exercise supplemental jurisdiction over Plaintiff's state law claims, **DISMISSING** them **WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                              s/Mark A. Randon
                              MARK A. RANDON
                              UNITED STATES MAGISTRATE JUDGE
Dated:  September 12, 2011

                    *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 12, 2011, electronically.*

                              *s/Melody R. Miles*
                              *Case Manager to Magistrate Judge Mark A. Randon*
                              *(313) 234-5542*